UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF OHIO
EASTERN DIVISION

**CHARLES VINCENT ASHFORD, JR.,**

    **Plaintiff,**

    v.                                       Civil Action 2:25-cv-67
                                                   Chief Judge Sarah D. Morrison
                                                   Magistrate Judge Chelsey M. Vascura

**STATE OF OHIO,** *et al.***,**

    **Defendants.**

## ORDER and REPORT AND RECOMMENDATION

Plaintiff, Charles Vincent Ashford, Jr., an Ohio inmate who is proceeding without the assistance of counsel, sues the State of Ohio, several state and local agencies/subdivisions, and several individual employees of the Warren Correctional Institution under 42 U.S.C. § 1983, alleging Defendants retaliated against him for exercising his First Amendment Rights. This matter is before the Court for the initial screen of Plaintiff's Complaint under 28 U.S.C. §§ 1915(e)(2) and 1915A to identify cognizable claims and to recommend dismissal of Plaintiff's Complaint, or any portion of it, which is frivolous, malicious, fails to state a claim upon which relief may be granted, or seeks monetary relief from a defendant who is immune from such relief. 28 U.S.C. §§ 1915(e)(2), 1915A(b)(1)–(2); *see also McGore v. Wrigglesworth*, 114 F.3d 601, 608 (6th Cir. 1997). Having performed the initial screen, Plaintiff **MAY PROCEED** on his individual-capacity First Amendment retaliation claim against Defendant Teuge for money damages, but it is **RECOMMENDED** that the Court **DISMISS** Plaintiff's remaining claims.

This matter is also before the Court for consideration of Plaintiff's motion for leave to proceed *in forma pauperis* under 28 U.S.C. § 1915(a)(1) and (2), which is **GRANTED**. (ECF No. 1.) Plaintiff is required to pay the full amount of the Court's $350 filing fee. 28 U.S.C. § 1915(b)(1). Plaintiff's certified trust fund statement reveals that he has $4.96 in his prison account, which is insufficient to pay the filing fee.

Pursuant to 28 U.S.C. § 1915(b)(1), the custodian of Plaintiff's inmate trust accounts (Inmate ID Number A766322) at the Ross Correctional Institution is **DIRECTED** to submit to the Clerk of the United States District Court for the Southern District of Ohio as an initial partial payment, 20% of the greater of either the average monthly deposits to the inmate trust account or the average monthly balance in the inmate trust account, for the six months immediately preceding the filing of the Complaint.

After full payment of the initial, partial filing fee, the custodian shall submit 20% of the inmate's preceding monthly income credited to the account, but only when the amount in the account exceeds $10.00, until the full fee of $350.00 has been paid to the Clerk of this Court. 28 U.S.C. § 1915(b)(2). *See McGore v. Wrigglesworth*, 114 F.3d 601 (6th Cir. 1997).

Checks should be made payable to: Clerk, United States District Court. The checks should be sent to:

> Prisoner Accounts Receivable
> 260 U.S. Courthouse
> 85 Marconi Boulevard
> Columbus, Ohio 43215

The prisoner's name and this case number must be included on each check.

It is **ORDERED** that Plaintiff be allowed to prosecute his action without prepayment of fees or costs and that judicial officers who render services in this action shall do so as if the costs

had been prepaid. The Clerk of Court is **DIRECTED** to mail a copy of this Order to Plaintiff and the prison cashier's office.

## I. STANDARD OF REVIEW

Congress enacted 28 U.S.C. § 1915, the federal *in forma pauperis* statute, seeking to "lower judicial access barriers to the indigent." *Denton v. Hernandez*, 504 U.S. 25, 31 (1992). In doing so, however, "Congress recognized that 'a litigant whose filing fees and court costs are assumed by the public, unlike a paying litigant, lacks an economic incentive to refrain from filing frivolous, malicious, or repetitive lawsuits.'" *Id*. at 31 (quoting *Neitzke v. Williams*, 490 U.S. 319, 324 (1989)). To address this concern, Congress included subsection (e):

> (2) Notwithstanding any filing fee, or any portion thereof, that may have been paid, the court shall dismiss the case at any time if the court determines that—
>
> * * *
>
> (B) the action or appeal—
>
> (i) is frivolous or malicious; [or]
>
> (ii) fails to state a claim on which relief may be granted. . . .

28 U.S.C. § 1915(e)(2)(B)(i) & (ii); *Denton*, 504 U.S. at 31. Thus, § 1915(e) requires *sua sponte* dismissal of an action upon the Court's determination that the action is frivolous or malicious, or upon determination that the action fails to state a claim upon which relief may be granted. *See also* 28 U.S.C. § 1915A (requiring a court to conduct a screening of "a complaint in a civil action in which a prisoner seeks redress from a governmental entity or officer or employee of a governmental entity . . . [to] identify cognizable claims or dismiss the complaint, or any portion of the complaint [that is] frivolous, malicious, or fails to state a claim upon which relief may be granted").

Further, to state a claim upon which relief may be granted, a plaintiff must satisfy the basic federal pleading requirements set forth in Federal Rule of Civil Procedure 8(a). *See also Hill v. Lappin*, 630 F.3d 468, 470–71 (6th Cir. 2010) (applying Federal Rule of Civil Procedure 12(b)(6) standards to review under 28 U.S.C. §§ 1915A and 1915(e)(2)(B)(ii)). Under Rule 8(a)(2), a complaint must contain a "short and plain statement of the claim showing that the pleader is entitled to relief." Fed. R. Civ. P. 8(a)(2). Thus, Rule 8(a) "imposes legal *and* factual demands on the authors of complaints." *16630 Southfield Ltd., P'Ship v. Flagstar Bank, F.S.B.*, 727 F.3d 502, 503 (6th Cir. 2013).

Although this pleading standard does not require "detailed factual allegations, a pleading that offers labels and conclusions or a formulaic recitation of the elements of a cause of action" is insufficient. *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (cleaned up). A complaint will not "suffice if it tenders naked assertion devoid of further factual enhancement." *Id.* (cleaned up). Instead, to state a claim upon which relief may be granted, "a complaint must contain sufficient factual matter to state a claim to relief that is plausible on its face." *Id.* (cleaned up). Facial plausibility is established "when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Id.* "The plausibility of an inference depends on a host of considerations, including common sense and the strength of competing explanations for the defendant's conduct." *Flagstar Bank*, 727 F.3d at 504 (citations omitted). Further, the Court holds *pro se* complaints "to less stringent standards than formal pleadings drafted by lawyers." *Garrett v. Belmont Cty. Sheriff's Dep't*, 374 F. App'x 612, 614 (6th Cir. 2010) (quoting *Haines v. Kerner*, 404 U.S. 519, 520 (1972)). This lenient treatment, however, has limits; "courts should not have to guess at the nature of the claim

4

asserted." *Frengler v. Gen. Motors*, 482 F. App'x 975, 976–77 (6th Cir. 2012) (quoting *Wells v. Brown*, 891 F.2d 591, 594 (6th Cir. 1989)).

## II. ANALYSIS

Plaintiff alleges that he was raped by his cellmate on April 15–16, 2024. Plaintiff immediately reported the attack and requested a move to another cell, but was forced to remain in a cell with his attacker until April 22, 2024. After no further action was taken against his attacker, Plaintiff called the Prison Rape Elimination Act ("PREA") hotline. Plaintiff was then "immediately placed in hand restraints and harassed by multiple WCI staff members for 'having outside agencies in our business.'" Plaintiff was also "[i]ntimidated with threats of physical injury to my skull by Captain Teuge" and "was later hit in the head with a full 'brick.'" "Staff warned [Plaintiff] on multiple occasions that if [he] did not be quiet about what happened to [him] that [he] would be dealt with for bringing attention to the ODRC—Warren Correctional Institution." (Compl. 5, ECF No. 1-1.) Plaintiff seeks "a grant of money" and a variety of injunctive relief, ranging from "assistance whenever needed from the State of Ohio," to granting Plaintiff diplomatic immunity and a life-time appointment to Congress. (*Id.* at 6.)

Having performed the initial screen under §§ 1915(e)(2) and 1915A(b), Plaintiff may proceed on his individual-capacity First Amendment retaliation claim against Defendant Teuge for money damages. But Plaintiff's remaining claims must be dismissed.

First, Plaintiff's claims against the State of Ohio, the Ohio Department of Rehabilitation and Correction, and Warren Correctional Institution must be dismissed under the doctrine of sovereign immunity. The Eleventh Amendment operates as a bar to federal-court jurisdiction when a private citizen sues a state or its instrumentalities unless the state has given express consent. *Pennhurst St. Sch. & Hosp. v. Halderman*, 465 U.S. 89, 100 (1983); *Lawson v. Shelby Cty.*, 211 F.3d 331, 334 (6th Cir. 2000). "There are three exceptions to sovereign immunity:

5

(1) when the state has waived immunity by consenting to the suit, (2) when Congress has expressly abrogated the states' sovereign immunity, and (3) when the doctrine set forth in *Ex Parte Young,* 209 U.S. 123, 28 S.Ct. 441, 52 L.Ed. 714 (1908), applies." *Boler v. Earley*, 865 F.3d 391, 410 (6th Cir. 2017) (citation omitted). None of these exceptions apply to Plaintiff's Complaint. First, "Ohio has not waived sovereign immunity in federal court." *Mixon v. State of Ohio*, 193 F.3d 389, 397 (6th Cir. 1999). Second, "Section 1983 does not abrogate Eleventh Amendment immunity." *Boler*, 865 F.3d at 410 (citing *Will*, 491 U.S. at 66). Third, the *Ex Parte Young* doctrine applies only when a plaintiff brings "claims for prospective relief against state officials sued in their official capacity to prevent future federal constitutional or statutory violations." *Boler*, 865 F.3d at 412. Plaintiff's claims seek redress for past harms, not the prevention of future harms, and therefore fall outside the scope of *Ex Parte Young*. Accordingly, all claims against the State of Ohio and its instrumentalities (*i.e.*, the Ohio Department of Rehabilitation and Correction and Warren Correctional Institution) must be dismissed.

Similarly, any official-capacity claims against the employees of Warren Correctional Institution must be dismissed on grounds of sovereign immunity. A suit against a state official in his or her official capacity is "not a suit against the official but rather is a suit against the official's office," and is therefore "no different from a suit against the State itself." *Will v. Mich. Dep't of State Police*, 491 U.S. 58, 71 (1989). All official-capacity claims against the individual Defendants must therefore be dismissed as well.

Plaintiff also names Warren County and the City of Lebanon as Defendants, but his allegations do not directly or indirectly implicate the County or the City. Although the events underlying Plaintiff's Complaint occurred in Warren County, in the City of Lebanon, Plaintiff does not allege that the County or City or any of their employees contributed to the injuries

6

Plaintiff suffered. He therefore fails to state a claim against them "that is plausible on its face" as required by *Iqbal* and Plaintiff's claims against the County and City must be dismissed. *See* 556 U.S. at 678.

All that remains are Plaintiff's individual-capacity claims for damages against the individual Defendants. But apart from Captain Teuge, Plaintiff identifies no actions taken by any individual Defendant. The United States Court of Appeals for the Sixth Circuit "has consistently held that damage claims against government officials arising from alleged violations of constitutional rights must allege, with particularity, facts that demonstrate what *each* defendant did to violate the asserted constitutional right." *Heyward v. Cooper*, 88 F.4th 648, 661 (6th Cir. 2023) (quoting *Heyne v. Metro. Nashville Pub. Schs.*, 655 F.3d 556, 564 (6th Cir. 2011) and *Lanman v. Hinson*, 529 F.3d 673, 684 (6th Cir. 2008)) (emphasis in original). "[C]ategorical references to 'Defendants'" do not meet this standard. *Marcilis v. Twp. of Redford*, 693 F.3d 589, 596–97 (6th Cir. 2012). Nor do allegations that an individual defendant "was present and perhaps involved in" the plaintiff's injuries without allegations as to the unconstitutionality of the individual defendant's actions. *Lanman*, 529 F.3d at 684. Plaintiff's allegations that "WCI staff" took certain actions therefore fail to state a claim against any individual Defendant.

The only exception is Plaintiff's allegation that Captain Teuge threatened Plaintiff with "physical injury to his skull" after Plaintiff contacted the PREA hotline. The undersigned therefore does not recommend dismissal of Plaintiff's First Amendment retaliation claim against Defendant Teuge. *See Thaddeus-X v. Blatter*, 175 F.3d 378, 394 (6th Cir. 1999).

### III.  DISPOSITION

Plaintiff's Motion for Leave to Proceed *In Forma Pauperis* (ECF No. 1) is **GRANTED**. For the reasons above, Plaintiff **MAY PROCEED** on his individual-capacity First Amendment retaliation claim against Defendant Teuge for money damages, but it is **RECOMMENDED** that

7

the Court **DISMISS** Plaintiff's remaining claims under §§ 1915(e)(2) and 1915A(b) for failure to state a claim upon which relief may be granted.

If Plaintiff wishes to have the United States Marshal effect service of the summons and Complaint on Defendant Teuge, Plaintiff is **DIRECTED** to file a completed summons form (Form AO-440) and a service of process by U.S. Marshal form (Form USM-285),[1] and to submit a service copy of the Complaint to the Clerk of Court. If Plaintiff does so, the Clerk is **DIRECTED** to issue the summons and the United States Marshal is **DIRECTED** to serve by certified mail upon Defendant Teuge the issued summons, a copy of the Complaint, and a copy of this Order and Report and Recommendation.

## PROCEDURE ON OBJECTIONS

If any party objects to this Report and Recommendation, that party may, within fourteen (14) days of the date of this Report, file and serve on all parties written objections to those specific proposed findings or recommendations to which objection is made, together with supporting authority for the objection(s). A District Judge of this Court shall make a *de novo* determination of those portions of the Report or specified proposed findings or recommendations to which objection is made. Upon proper objections, a District Judge of this Court may accept, reject, or modify, in whole or in part, the findings or recommendations made herein, may receive further evidence or may recommit this matter to the Magistrate Judge with instructions. 28 U.S.C. § 636(b)(1).

---

[1] Summons and USM forms for Defendant Teuge that Plaintiff previously submitted are deficient because they do not contain Plaintiff's name and/or return mailing address. (*See* ECF Nos. 3, 3-1.)

The parties are specifically advised that failure to object to the Report and Recommendation will result in a waiver of the right to have the District Judge review the Report and Recommendation *de novo*, and also operates as a waiver of the right to appeal the decision of the District Court adopting the Report and Recommendation. *See Thomas v. Arn*, 474 U.S. 140 (1985); *United States v. Walters*, 638 F.2d 947 (6th Cir. 1981).

**IT IS SO ORDERED.**

/s/ *Chelsey M. Vascura*
CHELSEY M. VASCURA
UNITED STATES MAGISTRATE JUDGE